IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KASHAWNA LIEBMAN,                          Civil No. 08-586-AA
                                           OPINION AND ORDER
          Plaintiff,

     vs.

COMMISSIONER,
Social Security Administration,

          Defendant.
_____

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
     Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Thomas M. Elsberry
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

     Claimant, Kashawna Liebman, brings this action pursuant to
the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

**PROCEDURAL BACKGROUND**

On March 23, 2005, plaintiff filed an application for disability insurance benefits. Tr. 19. This application was denied initially and upon reconsideration. On June 6, 2007, the ALJ continued the November 15, 2006 hearing, to allow plaintiff an opportunity to submit additional evidence and attend a consultative psychological examination provided by the Social Security Administration. Tr. 19, 528-46, 579. The ALJ also called a medical expert to testify at the hearing. Tr. 534-45. At the hearing on June 6, 2007, the ALJ heard testimony from plaintiff who was represented by an attorney and from a medical expert. Tr. 531-45. Since the initial November 2006 hearing, plaintiff had attended a consultative psychological examination and submitted additional evidence, which was received and reviewed by the ALJ prior to his determination. Tr. 19, 490-94.

On June 26, 2007, the ALJ issued a partially favorable decision finding plaintiff disabled beginning March 1, 2003. Tr. 15-26. Plaintiff timely requested review of that decision by the Appeals Council, however, on March 10, 2008, the Appeals Council declined review. Tr. 8-10. Therefore, the ALJ's June 26, 2007, decision became the final decision of the agency.

## STATEMENT OF THE FACTS

Born May 8, 1978, and 29 years old at the time of the ALJ's decision, plaintiff alleges disability beginning February 2001. Tr. 63.  Plaintiff alleges disability based on a combination of impairments as follows:  pinched nerve in the brain with pain that runs down her neck into her shoulder, and down the right side of her body; post traumatic stress disorder (PTSD); anxiety with panic attacks; and depression.  Tr. 549-75.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." <u>Id</u>.; <u>see</u> 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the

4    - OPINION AND ORDER

national economy, she is not disabled.   20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. <u>The ALJ's Findings</u>

At step one of the sequential analysis outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity from February 21, 2001, through the date of the decision.  Tr. 21.  At step two, the ALJ found plaintiff had the following combination of severe impairments: depressive/bipolar disorder, PTSD, and paranoid personality disorder.  Tr. 21-22, 25-26.  At step three, the ALJ found the following: prior to March 1, 2003: plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. § 404.1520(d).  Tr. 21-22. However, beginning March 1, 2003: plaintiff's severe impairments of depressive/bipolar disorder, PTSD, and paranoid personality disorder met the requirements of listed mental impairments in sections 12.04, 12.06, and 12.08 of 20 C.F.R. § 404.1520(d), and plaintiff became disabled on March 1, 2003.  Tr. 25-26.  After finding plaintiff disabled beginning March 1, 2003, the ALJ did not continue the sequential evaluation process for that time period.

Prior to March 1, 2003, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform simple, routine tasks in a predictable environment with few changes, where she could obtain help setting realistic goals, and in a setting that did not require close contact with the general public or co-workers.  Tr. 22.  At step four the ALJ found that plaintiff was

able to return to her past relevant work as a file clerk. Tr. 24. Finally, at step five, in addition to being able to return to her past relevant work, the ALJ found there were jobs existing in the significant numbers in the national economy that plaintiff could perform and found plaintiff "not disabled" prior to March 1, 2003. Tr. 24-25.

2. <u>Plaintiff's Allegation of Error</u>

Plaintiff brings this action appealing her onset date, March 1, 2003, the date she was found to be disabled. 42 U.S.C. §§ 401-33. Plaintiff alleges she was disabled nearly two years earlier, February 15, 2001. I disagree and uphold the findings of the ALJ, including plaintiff's onset date of March 1, 2003, finding that date is "supported by inferences reasonably drawn from the record." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008)(internal citations omitted). I find no evidence of an onset date prior to March 1, 2003. The ALJ conducted a hearing in November 2006, and then continued the hearing to June 6, 2007, to allow plaintiff additional time to obtain and submit evidence. Tr. 547-80, 528-46. Specifically, the purpose of the second hearing was to allow plaintiff the opportunity to: (1) submit additional information; and (2) attend a consultative psychological examination provided by the Social Security Administration. Tr. 528-46, 579. The ALJ also heard testimony from an impartial medical expert and vocational expert. Tr. 531-45, 547-80.

Both parties rely on the testimony of the medical expert as to plaintiff's onset date. Tr. 531-45, 579. The medical expert testified that the evidence demonstrated that as of March 1,

6    - OPINION AND ORDER

2003, plaintiff's symptoms of depressive bipolar disorder caused
persistent symptoms of sleep disturbance, decreased energy,
feelings of guilt, difficulty concentrating, paranoid thinking
and delusional thinking.   Tr. 25.   The medical expert, after
reviewing plaintiff's records, concluded that "although plaintiff
had a history of mental impairments, symptoms of paranoia were
not significantly manifested in the record prior to March 1,
2003, at which point her paranoia appears as a primary focus of
her diagnoses."   Tr. 26.   The medical expert opined that
plaintiff's sever mental impairments met the criteria of sections
12.04, 12.06, and 12.08 as of March 1, 2003.   Tr. 26.   The
"established onset date must be fixed based on the facts and can
never be inconsistent with the medical evidence of record."   SSR
83-20, at *3.   The record supports the onset date of March 1,
2003.

Plaintiff relies on the medical expert's comment that
"personality disorders don't generally spring from nothing to a
global assessment of functioning of 30 or 35."   Tr. 539.   The
expert, however, continued, "[o]n the other hand, paranoia was
only a footnote in the early medical records.   They were much
more highlighted once the more recent MMPIs were administered and
reported on."   Id.   After considering plaintiff's medical
records, the medical expert testified that from March 1, 2003, to
the date of the hearing, plaintiff's global assessments of
functioning were within the listing levels.   Tr. 541.   Therefore,
the medical expert testified that the "earliest" date on which
plaintiff could be found disabled was March 1, 2003.   Tr. 540.
The medical expert was "hesitant" to pinpoint an earlier date

7    - OPINION AND ORDER

because plaintiff was not diagnosed with a paranoid personality disorder prior to that date. _Id._  There is no record or documentation of plaintiff's mental or emotional functioning prior to March 1, 2003.  Symptoms of an impairment are not sufficient to establish the existence of an impairment.  20 C.F.R. § 404.1528(a).  Plaintiff has the burden to establish a severe impairment by providing medical evidence showing she has an impairment and its severity during the relevant time frame. 20 C.F.R. § 404.1512(c).  Plaintiff has failed to meet that burden, and I find no evidence establishing a mental impairment prior to March 1, 2003.  Therefore, I find substantial evidence to support the ALJ's finding that plaintiff's onset date was March 1, 2003.

Plaintiff also asserts that her work record should have been significant in determining her onset date.  Plaintiff relies on the medical expert's statement that because there was no documentation of plaintiff's mental or emotional functioning prior to March 1, 2003, "[p]robably the best way to . . . determine in the absence of medical records her level of functioning is to examine her work history prior to that time." Tr. 542.  The ALJ noted that plaintiff had minimal earnings in 2004 and 2005, and did not work from 2001 - 2003.  Tr. 543.  I find, however, no evidence that plaintiff stopped working in 2001 due to a mental or emotional impairment.  In fact there exists in the record at least one explanation for plaintiff's lack of employment during that time period.  Plaintiff was pregnant in 2000-2001, and had a baby in August 2001, moved to Philadelphia in 2003, and attended school in Oregon and Pennsylvania.  Tr. 24,

96, 206, 233-34, 349, 565.  Significantly, plaintiff stated that she was an "at home mother" from 2001-2004.  Tr. 96.  Therefore, I do not find plaintiff's employment record determinative of her onset date.

I find that the ALJ adequately developed the record, given the second hearing he convened to allow plaintiff ample opportunity to obtain and submit additional evidence.  Further, the findings of the ALJ will be upheld if they are "supported by inferences reasonably drawn from the record."  Tommasetti, 533 F.3d at 1038 (internal citation omitted).  Here, I find no evidence of an onset date prior to March 1, 2003.  Therefore, the ALJ did not err and substantial evidence supports his decision.

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed.  This case is dismissed. IT IS SO ORDERED.

Dated this  18   day of June 2009.


                                  /s/ Ann Aiken
                                 Ann Aiken
                      United States District Judge

9    - OPINION AND ORDER